UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET DUNN,

               Plaintiff,

     v.

SOCIETY OF ST. VINCENT DE
PAUL SOUTH PINELLAS, INC.,

               Defendant,

_____/

Case No. 2:25-cv-375-KCD-NPM

## <u>ORDER</u>

Plaintiff Margaret Dunn brings this gender discrimination case against her former employer, the Society of St. Vincent De Paul South Pinellas, Inc., which operates the Fabulous Finds Resale Shop. Defendant moves to dismiss the complaint for failure to state a claim. (Doc. 17.)[1] Dunn has responded in opposition. (Doc. 18.) For the reasons below, Defendant's motion is denied.

## I. Background[2]

Dunn began working at the Resale Shop as a Lead Donation Coordinator in 2023. She applied for a store manager position, and despite her qualifications and successful track record, Defendant selected a less qualified

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

male candidate, Sean Milam. Dunn later voluntarily resigned because her husband's job relocated him to Pennsylvania

Dunn later resumed employment at the Resale Shop, again as a Lead Donation Coordinator. She received positive feedback and demonstrated exceptional performance. But only six days into her reemployment, she was fired because of a "missing Christmas tree." Defendant later changed its justification for her termination, claiming that she had directed the disposal of sellable items. A male employee, Vinny Carlucci, who was part of the same incident, received only a verbal warning for identical conduct. When terminating Dunn, by contrast, Defendant failed to follow the company's standard disciplinary procedures.

Dunn sues for gender discrimination under Title VII of the Civil Rights Act, and its state-law counterpart, the Florida Civil Rights Act ("FCRA"). (Doc. 1.) The FCRA was patterned after Title VII, so the elements and related case law are the same. *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

## II. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action must be dismissed if the complaint fails "to state a claim upon which relief can be granted." *Id.* In assessing a motion to dismiss, conclusory allegations are disregarded, and the remaining facts are viewed in the light most favorable to the nonmoving party.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint is sufficient if what remains "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

### III. Discussion

Defendant argues that Dunn fails to allege sufficient facts to show that similarly situated male employees were treated more favorably under nearly the same circumstances. (Doc. 17 at 2.) Defendant says that although the complaint identifies two comparators (Milam and Carlucci), Dunn alleges no factual detail for these individuals, including their "qualifications, job duties, disciplinary histories, or the specific circumstances surrounding the employment decisions." (*Id.* at 3.)

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court set the evidentiary standard for Title VII claims. *McDonnell Douglas* says that when a plaintiff's claim is based on circumstantial evidence, as Dunn alleges here, she must prove that "1) [she] was a member of a protected class, 2) she was qualified to do the job, 3) she was subjected to an adverse employment action, and 4) similarly situated employees outside of the protected class were treated differently." *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). But this framework is an evidentiary standard, not a pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Thus, "the complaint need not allege facts sufficient to make out a classic *McDonnell*

*Douglas* prima facie case," but need only "plausibly suggest that the plaintiff suffered an adverse employment action due to intentional [sex] discrimination." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Once the plaintiff has done so, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the complained-of act. *McDonnell Douglas*, 411 U.S. at 802; *see also Maynard v. Bd. of Regents*, 342 F.3d 1281, 1288-89 (11th Cir. 2003) (applying *McDonnell* burden-shifting analysis).

Dunn meets the stricter *McDonnell Douglas* standard in the complaint anyway. Dunn belongs to a protected class as a female person. (Doc. 1 ¶ 43.) She reports receiving positive feedback about her performance. (*Id.* ¶¶ 27, 30.) She suffered an adverse employment action—she was fired. (*Id.* ¶ 32.) Lastly, the complaint states that Defendant treated Dunn differently from similarly situated employees because they took part in the same incident that led to Dunn's firing, but they didn't fire him, and Defendant hired a less qualified male candidate. (*Id.* ¶¶ 45, 48.) And she alleges that the purported reason for her termination was pretext. (*Id.* ¶ 57.) Thus, Dunn properly alleges satisfaction of the *McDonnell Douglas* elements. The development of evidence regarding the comparators and pretext is a matter properly addressed through discovery, not on a motion to dismiss.

Defendant next argues that any claim for hostile work environment fails. (Doc. 17 at 5.) Although the complaint mentions "hostile work environment," there is no stand-alone claim under this theory, and Dunn's response does not state that she is bringing such a claim. (Doc. 18.) So the Court need not analyze whether a nonexistent theory should be dismissed.

Finally, Defendant maintains that Dunn seeks certain categories of damages that are not recoverable under Title VII or the FCRA, including "relocation costs, certain fringe benefits, and reputational damages." (Doc. 1 at 14; Doc. 17 at 4.) Title VII requires that a plaintiff be made whole for discrimination suffered. *See Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992). The damages available for intentional discrimination in Title VII cases are set forth at 42 U.S.C. § 1981a. It states that compensatory and punitive damages are recoverable. The amount of compensatory damages awarded under § 1981a for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses," and the amount of punitive damages awarded under § 1981a, however, may not exceed the statutory cap set forth in § 1981a(b)(3). Backpay is also available as a form of equitable relief. *See Brown v. Ala. Dept. of Transp.*, 597 F.3d 1160 (11th Cir. 2010).

"Other nonpecuniary losses" could include reputational damage. *See Hanna v. WCI Cmtys., Inc.*, 348 F. Supp. 2d 1332, 1334 (S.D. Fla. 2004). And

back pay could include fringe benefits, such as health insurance coverage, vacation, and sick leave. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348 (11th Cir. 2000). Whether "relocation costs" are recoverable under Title VII is unclear, and Defendant does not cite any authority to preclude such relief. So, for now, the Court will allow the damages as pled. The Court is not deciding whether such relief may ultimately be recovered by Dunn in this case. And to the extent these damages remain part of the case, Defendant can address them on summary judgment or through an appropriate motion at trial.

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 17) is **DENIED**.

2. Defendant must answer the complaint within fourteen days of this Order.

**ORDERED** in Fort Myers, Florida on October 29, 2025.

Kyle C. Dudek
United States District Judge